UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANTHONY CALLENDER,<br><br>Plaintiff,<br><br>v.<br><br>SCHELLENBERG, et al.,<br><br>Defendants. | No. 1:19-cv-00185-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE IN FULL TO PROCEED WITH THIS ACTION<br><br>(Doc. Nos. 2, 7) |

Plaintiff Vincent Anthony Callender is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On February 15, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (Doc. No. 7.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 2–3.) Plaintiff filed objections on March 1, 2019. (Doc. No. 9.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

Plaintiff does not take issue with the magistrate judge's conclusion that the three dismissal orders in the cases identified in the findings and recommendations count as strikes for purposes of § 1915. Instead, plaintiff's primary objection is that his allegations satisfy the imminent danger exception to § 1915(g). Specifically, plaintiff asserts merely that due to certain medical conditions from which he allegedly suffers, he has "suicidal thoughts" and cannot "withstand the stresses of certain particular sounds" because once he "is subject to these sounds [his] life is under imminent danger of serious physical injury." (Doc. No. 9 at 2.)

It is well-recognized, however, that a "plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger." *Moore v. Doe*, No. 3:18-cv-01218-WQH-BLM, 2018 WL 3426237, at *2 (S.D. Cal. July 13, 2018) (citing *Cooper v. Bush*, No. 3:06-cv-653-J-32TEM, 2006 WL 2054090, at *1 (M.D. Fla. July 21, 2006)); *Burton v. Paramo*, No. 3:17-cv-01953-BEN-KSC, 2017 WL 6048805, at *2 (S.D. Cal. Dec. 5, 2017) (same); *Diaz v. Sherman*, No. 1:13-cv-01627-DAD-MJS, 2016 WL 11218938, at *1 (E.D. Cal. Apr. 14, 2016) (same), *report and recommendation adopted*, 2016 WL 8673044 (E.D. Cal. Aug. 5, 2016). This is because a "[p]laintiff cannot create the imminent danger so as to escape the three strikes provision of the PLRA." *Pauline v. Mishner*, No. CIV 09-00182 JMS/KSC, 2009 WL 1505672, at *2 (D. Haw. May 28, 2009) (internal quotation marks omitted). To hold otherwise would create a truly perverse incentive, in which "[e]very prisoner would . . . avoid the three strikes provision by threatening to commit suicide or by threatening to kill someone else." *Muhammad v. McDonough*, No. 3:06CV527-J-32TEM, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006). To be sure, the undersigned has found that the risk of suicide can amount to imminent danger for purposes of § 1915(g) under appropriate circumstances. *See Williams v. Pilkerten*, No. 1:19-cv-00151-DAD-SAB, 2019 WL 2084724, at *3 (E.D. Cal. May 13, 2019) (finding that plaintiff had plausibly alleged that he was

in imminent danger at the time he filed his complaint based on allegations that the plaintiff had previously engaged in self-harm and that correctional officers knew that plaintiff had a tendency to harm himself but nonetheless refused him necessary treatment). Here, however, no similar allegations are before the court. Instead, the only allegation, both in plaintiff's complaint and in his objections to the pending findings and recommendations, is that when he is exposed to certain sounds (such as snoring cellmates), he has suicidal thoughts. (Doc. No. 1 at 6–7; Doc. No. 9 at 1–2.) There is no allegation that plaintiff has ever been diagnosed as being at risk of attempting suicide, nor that he has attempted to commit suicide. The bare statement that plaintiff's sensitivity to sounds causes suicidal ideations does not, without more, adequately allege that he was in imminent danger at the time he filed his complaint for purposes of § 1915(g). This conclusion is reached by reviewing plaintiff's allegations on their face and not as a result of any inappropriately detailed inquiry into the substance of plaintiff's claim of being in imminent danger at the time of filing this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); *see also Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015)

Accordingly:

1. The findings and recommendations issued on February 15, 2019 (Doc. No. 7) are adopted in full;
2. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;
3. Within twenty-one days following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed; and
4. The matter is referred back to the assigned magistrate judge.

IT IS SO ORDERED.

Dated: **May 21, 2019**

UNITED STATES DISTRICT JUDGE

3